UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL BRAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:06-CV-203 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by the Defendant, United States of America ("the government") pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiff Paul Brauer ("Brauer") has not filed any response to the motion, despite the fact that on June 7, 2006, the court issued to him a Notice and Order pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). For the following reasons, the Motion to Dismiss is GRANTED.

## DISCUSSION

This case had its origin in the Grant Superior Court Small Claims Division in Grant County, Indiana. Complaint, Docket at 1. Brauer filed the action against Linda Rademaker,[1] alleging that she "owes me $20,000." *Id.* Rademaker, it turns out, is a nurse

---

[1] Brauer's original Complaint in the Grant County Court is difficult to read. It appears that he spelled the Defendant's name as "Radamaker." Docket at 1. The government, however, identifies her as "Rademaker," which is also how her name is spelled in an Affidavit submitted by the United States in support of its Motion to Dismiss. The court, therefore, adopts the spelling provided by the government.

at the Veteran's Hospital in its Northern Indiana Health Care System. Petition for Removal, Docket at 2, Exhibits 2 and 3. According to the government, "[t]he only known association of . . . Rademaker with plaintiff was in the official scope of her duties as a nurse with the VA." Memorandum in Support of Motion to Dismiss ("Memorandum in Support"), Docket at 13, p. 1. Consequently, the government filed a Petition for Removal on May 17, 2006, removing the action to this court pursuant to 28 U.S.C. § 2679, subsection (d)(2), "for the reasons that . . . plaintiff seeks a judgment for damages resulting from what the United States assumes is allegations of negligent or wrongful act or omission of Linda Rademaker" in the course and scope of her employment as a nurse with the Veteran's Administration. Petition for Removal, Docket at 2, pp. 1-2.

The government maintains in its Motion to Dismiss that this court has no jurisdiction over this matter. Memorandum in Support, generally. The government accurately points out that Brauer's Complaint "is sparse," which is an understatement. *Id.*, p. 1. As stated, Brauer's Complaint alleges, in its entirety, that Rademaker "owes me $20,000." *Id.*, Exhibit 1. The government states that "Plaintiff is seeking money damages against the United States[.]" and that "the United States is 'immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any Court define that Court's jurisdiction to entertain the suit.'" *Id.*, p. 2 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The government also argues, again correctly, that "in certain circumstances, sovereign immunity has been waived to bring a claim for money damages against the United States for the negligent act of its employees. 28

U.S.C. § 2671 *et seq.*" *Id.*  But if this lawsuit is intended to be a Federal Tort Claims action, then Brauer has wholly failed to exhaust the requisite administrative procedures for bringing such an action.  *Id.*, pp. 2-3.

The Petition for Removal was supported by three affidavits.  The first is an affidavit from Laurie Karle, an Associate Chief Nurse at the VA who states, in summary, that she is partially responsible for supervising Linda Rademaker, who is indeed employed at the VA as a nurse.  Memorandum in Support, Exhibit 2.  Karle also states that "Paul Brauer was and is receiving care and services as a patient at VA Northern Indiana Health Care System."  *Id.*, ¶ 4.  The second affidavit is from Barry Baker, who is the Manager of Business Support Systems at the VA.  Baker reiterates that Rademaker is employed as a nurse at the VA and has been so employed for more than 10 years.  Memorandum in Support, Exhibit 3, ¶ 3.  It is this information on which the government based its interpretation of Bauer's original State Court Complaint as an attempt to recovery a money judgment against the United States.

The government's interpretation of Bauer's Complaint is a logical one, especially since Brauer has filed no response to the contrary.  The Complaint, as stated, is so vague that it is open to various interpretations.  However, to the extent that it is in fact a Federal Tort Claims action against a nurse at a VA hospital, which in turn makes it a suit against the United States, this court is without jurisdiction to entertain it for the reasons argued by the government and set forth herein.

## CONCLUSION

3

For the reasons set forth herein, the Motion to Dismiss filed by Defendant United States of America is GRANTED.  As the court lacks jurisdiction to address the merits of this suit, this dismissal must be and is hereby granted WITHOUT PREJUDICE.[2]

Date: July 18, 2006.

        /s/   William C. Lee
William C. Lee, Judge
United States District Court

---

[2] Of course, should the government's and the court's interpretation of what Brauer is seeking in his Complaint be mistaken (should he, for example, be pursuing some sort of personal claim against Ms. Rademaker), it is his decision whether to pursue that claim in the proper State Court venue.